Carolyn Hunt Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Heather G. Fuchs (SBN 335561)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
hfuchs@schneiderwallace.com

*Attorneys for Plaintiff and Putative Class and
Collective Members*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TROY CROSSLEY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MANPOWER US, INC.; KUEHNE + NAGEL, INC.; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants, | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>(1)　Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*);<br>(2)　Failure To Pay For All Hours Worked (Labor Code § 204);<br>(3)　Failure To Pay Overtime Wages (Labor Code § 510);<br>(4)　Failure To Provide Minimum Wages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, And 1197.1)<br>(5)　Failure To Provide Timely And Accurate Itemized Wage Statements (Labor Code §§ 226);<br>(6)　Waiting Time Penalties (Labor Code §§ 201-203);<br>(7)　Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *Et Seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Troy Crossley ("Crossley" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this lawsuit against Manpower U.S., Inc. ("Manpower") and Kuehne + Nagel, Inc. ("Kuehne + Nagel") (collectively "Defendants"), seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"); the applicable California Labor Code provisions; the applicable Industrial Welfare Commission ("IWC") Wage Order; and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, et seq. ("UCL"). Plaintiff complains and alleges as follows:

## INTRODUCTION

1.      This is a collective and class action complaint against Manpower and Kuehne + Nagel to challenge their policies and practices of: (1) failing to pay Plaintiff and Putative Class and Collective members all minimum wages owed; (2) failing to compensate Plaintiff and Putative Class and Collective members for all hours worked; (3) failing to pay Plaintiff and Putative Class and Collective members overtime wages; (4) failing to pay all wages owed upon separation of employment; and (5) failing to provide Plaintiff and Putative Class and Collective members accurate, itemized wage statements; and (6) engaging in unfair business practices.

2.      Plaintiff Troy Crossley, is a former non-exempt hourly factory worker who worked for Manpower and Kuehne + Nagel in Ontario, California. In this role, Plaintiff worked in the Louis Vuitton Distribution Center picking and receiving orders. Plaintiff individually and on behalf of all others similarly situated, brings this class action against Defendants Manpower and Kuehne + Nagel on behalf of non-exempt hourly employees of Defendants who work in California and elsewhere in the United States. Plaintiff alleges that Defendants have engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA, the California Labor Code, the California Business and Professions Code, and the applicable IWC Wage Order.

3.      Defendants fail to compensate Plaintiff and Putative Class and Collective Members for all of the time that they spend working for Defendants' benefit, including work performed pre-shift, post-shift, and outside of scheduled hours, all without compensation.

4.      Because of these issues, Defendants do not pay Plaintiff and Putative Class and Collective Members for all hours worked, including minimum wage and overtime. Ultimately, the daily time that Defendants require Plaintiff and Putative Class and Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under Federal law and the laws of the state of California.

5.      As Plaintiff and Putative Class and Collective Members regularly work in excess of eight hours per day and forty hours per week, at least some of this off-the-clock work should be compensated at overtime rates. However, Defendants fail to pay for any of this work time, including the required overtime premiums, in violation of the FLSA and California Labor Code.

6.      As a result of the above violations, Defendants fail to provide Plaintiff and Putative Class and Collective Members with accurate, itemized wage statements. Defendants have also failed to pay all wages after these hourly employees, like Plaintiff, voluntarily or involuntarily terminated their employment with Defendants.

7.      Defendants are also liable for violation of the Unfair Business Practices Act for the violations described above.

8.      Plaintiff seeks full compensation on behalf of himself and Putative Class and Collective Members under Federal Rule of Civil Procedure 23 for all unpaid wages, unpaid overtime, and waiting time penalties. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5. Plaintiff seeks damages in an amount that exceeds $75,000.00.

**<u>PARTIES</u>**

9.      Plaintiff Troy Crossley was employed as a non-exempt, hourly factory worker by Defendants at the Louis Vuitton Distribution Center in Ontario, California from approximately November 25, 2020 to December 11, 2020. Plaintiff was paid at a rate of approximately $16.50 per hour.

10.     Plaintiff is an individual over the age of eighteen, and at all times relevant to this

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Crossley v. Manpower U.S., Inc., et al.*

Complaint was a resident of the State of California at all relevant times described herein.

11.    The Putative Class members are all current and former hourly, non-exempt factory workers employed by Defendants throughout California any time starting four years prior to the filing of this Complaint until resolution of this action.

12.    The Putative Collective members are all current and former hourly, non-exempt factory workers employed by Defendants throughout the United States any time starting three years prior to the filing of this Complaint until resolution of this action.

13.    Plaintiff is informed, believes, and thereon alleges that Defendant Manpower U.S., Inc. is headquartered in Milwaukee, Wisconsin. It operates throughout the United States and is licensed to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 330 N Brand Blvd. Glendale, California 91203.

14.    Plaintiff is informed, believes, and thereon alleges that Defendant Kuehne + Nagel, Inc. is a transport and logistics company which offers supply chain consulting and facilitates industry as well as ancillary services worldwide. It is headquartered in Jersey City, New Jersey and contracts with companies across the United States, including Ontario, California. Defendant may be served with process by serving its registered agent, C T Corporation System, 330 N Brand Boulevard Glendale, California 91203.

15.    At all relevant times, Defendants have had places of business in California, including in this district, and has employed Putative Class and Collective members in California. Defendants are "person[s]" as defined in Labor Code § 18 and "employer[s]" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

## **SUBJECT MATTER JURISDICTION AND VENUE**

16.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

17.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Central District of California judicial district.

## **JOINT EMPLOYER ALLEGATIONS**

18.    Plaintiff is informed and believes, and thereon alleges, that Manpower U.S., Inc. and Kuehne + Nagel, Inc. are or were the joint employers of Plaintiff and members of the Putative Class and Collective for purposes of this action under the FLSA and California wage and hour laws.

19.    Defendants jointly control the day-to-day work experiences for these employees. Plaintiff is informed, believes, and thereon alleges that Plaintiff and members of the Putative Class and Collective are assigned by Defendant Manpower U.S., Inc. to work at the Louis Vuitton Distribution Center in Ontario, California where they work closely with and under the supervision of Kuehne + Nagel, Inc.'s employees, who operate the Distribution Center.

20.    Plaintiff is informed, believes, and thereon alleges that when Plaintiff and members of the Putative Class and Collective work at the Ontario Distribution Center, they are employed by Manpower U.S., Inc. and Kuehne + Nagel, Inc., the company that operates the Distribution Center and has contracted with Manpower U.S., Inc. for staff. Plaintiff is informed, believes, and thereon alleges that when Plaintiff worked at the Louis Vuitton Distribution Center in Ontario, California, he was jointly employed by Manpower U.S., Inc. and Kuehne + Nagel, Inc.

21.    Plaintiff is informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, and/or attributable to, Manpower U.S., Inc and Kuehne + Nagel, Inc. each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

22.     Plaintiff is informed and believes, and thereon alleges, that Kuehne + Nagel, Inc. controls and/or supervises, directly and/or indirectly, the work of Plaintiff and members of the Putative Class and Collective.

23.     Plaintiff is informed, believes, and thereon alleges that Defendant Kuehne + Nagel, at minimum: (1) determines the job duties to be performed by Plaintiff and members of the Putative Class and Collective; (2) determines the work schedules and shifts for Plaintiff and members of the putative Class and Collective; (3) determines the safety procedures followed by Plaintiff and members of the Putative Class and Collective; and (4) sets and maintains policies for employees to observe while on the premises of the distribution center, such as pre-shift temperature checks, pre- and post-shift security checks.

24.     Plaintiff is informed, believes, and thereon alleges that Defendant Kuehne + Nagel controls day-to-day activities, specifying how each particular task is to be performed. Kuehne + Nagel dictates procedures and protocols for each job assignment and specifies and provides the equipment, such as a scanner, box cutter, and pallet jack, that is to be used by Plaintiff and Putative Class and Collective Members. Kuehne + Nagel makes work assignments for each member of the Putative Class and Collective, dictating which task(s) they will complete and where they will work onsite. Kuehne + Nagel dictates how Plaintiff and members of the Putative Class and Collective must arrive when they enter the distribution center, including by requiring that employees undergo security checks and temperature checks prior to starting their shifts.

25.     Plaintiff is informed, believes, and thereon alleges that Defendant Kuehne + Nagel sets the schedule, shifts, and hours worked by Plaintiff and members of the Putative Class and Collective. Kuehne + Nagel determines when these workers can clock in, and when they can clock out. Kuehne + Nagel requires Plaintiff and members of the Putative Class and Collective to perform pre-shift and post-shift work off-the-clock and without pay. Specifically, Defendant Kuehne + Nagel require Plaintiff and Putative Class and Collective Members to undergo a temperature check, provide their IDs to be held throughout the duration of the workday, retrieve a temporary badge and

a social distancing sensor vest which tracks proximity to other employees within six feet, and wait for all employees to undergo these pre-shift processes prior to entering the Distribution Center where the timeclock is located.

26.    Plaintiff is informed, believes, and thereon alleges that Defendant Manpower maintains a timekeeping process and tracks the hours worked by Plaintiff and members of the putative Class and Collective performing work onsite for Kuehne + Nagel's benefit at Kuehne + Nagel's direction.

27.    Plaintiff and Putative Class and Collective members were required to wear social distancing vests throughout the duration of the workday and told by Kuehne + Nagel that their location could be tracked by these vests.

28.    Plaintiff is informed, believes, and thereon alleges that Defendant Kuehne + Nagel maintains a high degree of control over factory workers staffing the Distribution Center, determining the number of labor hours and staffing levels required to perform a project. Kuehne + Nagel requires Manpower staff to perform work within the labor hours budgeted by Kuehne + Nagel and provides the staffing and scheduling requirements to Manpower to distribute to staff.

29.    As employers of Plaintiff and members of the Putative Class and Collective throughout the relevant time periods as outlined below, Defendants, and each of them, are solely, jointly, and severally liable for back pay and other economic damages, including statutory penalties, owed to Plaintiff and members of the Putative Class and Collective under common law and by statute.

30.    Throughout this Complaint, any reference to the "Defendant" or to "Defendants" is intended to refer to Manpower U.S., Inc. and Kuehne + Nagel, Inc., jointly as employers.

## FACTUAL ALLEGATIONS

31.    Plaintiff worked as an employee of Manpower U.S., Inc. at Louis Vuitton's Distribution Center in Ontario, California, operated by Kuehne + Nagel, Inc., as a non-exempt, hourly factory worker from approximately November 25, 2020 to December 11, 2020. Plaintiff was

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Crossley v. Manpower U.S., Inc., et al.*

paid at an hourly rate of $16.50. On average, Plaintiff Crossley worked sixty-six hours in a workweek every week. On average, Plaintiff worked approximately eleven and a half hours in a day, six days a week.

32.     Upon information and belief, Putative Class and Collective members are current and former non-exempt, hourly factory workers who work, or have worked, for Defendants in California and throughout the United States.

33.     Plaintiff is informed, believes, and thereon alleges that Defendant Manpower U.S., Inc. is a staffing company that assigns employees to work at the Louis Vuitton Distribution Center in Ontario, California. Plaintiff is informed, believes, and thereon alleges that Defendant Kuehne + Nagel, Inc. contracts with Louis Vuitton to operate its Ontario Distribution Center. Defendants employ and operate control over hourly non-exempt factory workers similarly situated to Plaintiff at the same Distribution Center.

34.     Plaintiff and Putative Class and Collective Members perform duties at the factory; each day, Plaintiff and Putative Class and Collective Members would review and scan orders on a master list and retrieve each order from its respective section and aisle. They would then place each order on a pallet jack, where it was moved through a processing line and then loaded on a truck to be delivered to customers.

35.     Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Putative Class and Collective members. In particular, Defendants have failed to record hours that Plaintiff and Putative Class and Collective members work while off-the-clock. Plaintiff was regularly directed by Defendants to spend at least ten-to-twenty minutes before the beginning and at the end of every shift going through a security check line while off-the-clock. This "security check" work goes unrecorded and uncompensated, giving rise to minimum wage and overtime violations.

36.     Plaintiff is informed, believes, and thereon alleges that Defendants institute a similar off-the-clock "security check" policy that results in hundreds of Putative Class and Collective

Members performing services for the benefit of Defendants while off-the-clock.

37.    As a result of these policies, Defendants deny Plaintiff and Putative Class and Collective members compensation which they are lawfully owed resulting from the off-the-clock pre-shift work.

38.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same or substantially similar timekeeping mechanism throughout all of their locations in California.

39.    Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Putative Class and Collective members. In particular, Defendants have failed to record hours that Plaintiff and Putative Class and Collective members worked off-the-clock.

40.    Plaintiff is informed, believes, and thereon alleges that Putative Class and Collective members were and are employed by Defendants and performed work materially similar to Plaintiff.

41.    Plaintiff is informed, believes, and thereon alleges that Putative Class and Collective members report to facilities operated, or managed by Defendants to perform their jobs.

42.    Plaintiff is informed, believes, and thereon alleges that, Putative Class and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

43.    Putative Class and Collective members are required to follow and abide by common work, time, and pay policies and procedures in the performance of their jobs, including the security check requirement.

44.    Defendants pay Putative Class and Collective members on an hourly rate basis.

45.    Plaintiff is informed, believes, and thereon alleges that, Putative Class and Collective members worked more than 8 hours a day in at least one workweek during the four years before this Complaint was filed.

46.    Plaintiff is informed, believes, and thereon alleges that Defendants employ hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this

Complaint.

47.     Defendants' method of paying Plaintiff and Putative Class and Collective members is willful and not based on a good faith and reasonable belief that its conduct complied with California or federal law.

48.     Defendants' conduct is willful, is carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

49.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

50.     Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Putative Collective members for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA. The FLSA Collective that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt factory employees of Manpower U.S., Inc. and Kuehne + Nagel, Inc. who worked in the United States during the time period three years prior to the filing of this Complaint until the resolution of this action.

51.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Putative Collective members.

52.     The Putative Collective members are similarly situated, as they have substantially similar job duties and requirements and were subject to a common policy, practice, or plan that required them to perform work without compensation and failed to properly compensate for hours worked overtime in violation of the FLSA.

53.     Plaintiff is representative of the Putative Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

54.    Plaintiff will fairly and adequately represent and protect the interests of Putative Collective members.  Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

55.    The similarly situated Putative Collective members are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

56.    Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The Putative California Class that Plaintiff seeks to represent is initially defined as follows:

> **All current and former hourly, non-exempt factory employees of Manpower U.S., Inc. and Kuehne + Nagel, Inc. who worked in California at any time starting four years prior to the filing of this Complaint until resolution of this action.**

57.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

58.    <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Putative Class is impracticable. Plaintiff is informed and believes that the number of Putative Class members is estimated to exceed 150 and the identity of such membership is readily ascertainable by inspection of Defendants' employment records. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Putative Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Putative Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Putative Class

and Defendants.

59.  <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Putative Class that predominate over any questions affecting only individual members of the Putative Class. These common questions of law and fact include, but are not limited to:

 a. Whether Defendants have a policy and/or practice of requiring Putative Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

 b. Whether Defendants fail to compensate Putative Class members for all hours worked, including as minimum wages and/or regular rate wage compensation, in violation of the Labor Code and Wage Orders;

 c. Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Putative Class members in violation of the Labor Code and Wage Orders;

 d. Whether Defendants fail to pay all wages owed upon Putative Class members' separation of employment;

 e. Whether Defendants violate Business and Professions Code §§ 17200 *et seq*., by:

  (a) failing to pay Putative Class members minimum wage for all hours worked.

  (b) failing to compensate Putative Class members for all hours worked, including at minimum wage and as overtime compensation; and

  (c) failing to pay Putative Class members for all wages owed upon separation of employment.

 f. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Putative Class as alleged herein.

60.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Putative Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are

thereby representative of and co-extensive with the claims of the Putative Class.

61.    <u>Adequacy of Representation</u>:  Plaintiff does not have any conflicts of interest with other Putative Class members and will prosecute the case vigorously on behalf of the Putative Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Putative Class members.

62.    <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Putative Class members is not practicable, and questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class. Each proposed Putative Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Putative Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

63.    In the alternative, the Putative Class may be certified because the prosecution of separate actions by the individual members of the Putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Putative Class which would establish incompatible standards of conduct for Defendants.

64.    If each individual Putative Class member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Putative Class with Defendants' vastly superior financial and legal resources.

65.    Requiring each individual Putative Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Putative Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

/ / /

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et seq.***
*(On Behalf of the Putative Collective against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.)*

66.      Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

67.      The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

68.      At all times material herein, Plaintiff and the Putative Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

69.      Upon information and belief, Defendants are covered employers required to comply with the FLSA's mandates.

70.      Defendants have violated the FLSA with respect to Plaintiff and the Putative Collective, by, *inter alia,* failing to compensate Plaintiff and the Putative Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Putative Collective.  29 U.S.C. § 211(c).

71.      Plaintiff and the Putative Collective are victims of uniform and company-wide compensation policies. These uniform policies, in violation of the FLSA, have been applied to current and former non-exempt, hourly factory workers, working throughout the United States.

72.      Plaintiff and the Putative Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

73.      Defendants acted neither in good faith nor with reasonable grounds to believe that

their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Putative Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

74.    As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Putative Collective.  Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

75.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204
*(On Behalf of the Putative Class against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.)*

76.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77.    Defendants willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and Putative Class and Collective members for all hours worked or spent in its control.

78.    Defendants intentionally and willfully require Plaintiff and the Putative Class and Collective members to complete additional work off-the-clock. For example, Plaintiff and Putative Class and Collective members are required to wait in security-check lines while off-the-clock for an average of ten-to-twenty minutes before starting their shift. Plaintiff and Putative Class and Collective members are not compensated for this work. As a result, Defendants fail to pay Plaintiff and the Putative Class and Collective members for all hours worked and fail to track their actual hours worked.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Crossley v. Manpower U.S., Inc., et al.*

79.     Labor Code section 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

80.     Labor Code section 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

81.     Labor Code section 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

82.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

83.     IWC Wage Order 7-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

84.     Defendants require Plaintiff and the Putative Class to work off-the-clock without compensation.  In other words, Plaintiff and the Putative Class are forced to perform work for the benefit of Defendants without compensation.

85.     In violation of California law, Defendants knowingly and willfully refuse to perform its obligations to provide Plaintiff and the Putative Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiff and the Putative Class actually work or to compensate them for all hours worked. Therefore, Defendants committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Putative Class and Collective members' rights. Plaintiff and the Putative Class are thus entitled to

recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

86.    As a proximate result of the aforementioned violations, Plaintiff and the Putative Class have been damaged in an amount according to proof at time of trial.

87.    Wherefore, Plaintiff and the Putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
(*On Behalf of the Putative Class against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.*)

88.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

89.    During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020.

90.    Defendants maintain, and have maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Putative Class and Collective members frequently work time off-the-clock during time spent in security check lines, which is time worked that is uncompensated and therefore for which Plaintiff and Putative Class and Collective members are not paid the minimum wage.

91.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Putative Class and Collective members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated

damages, interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

92.     Wherefore, Plaintiff and the Putative Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
*(On Behalf of the Putative Class against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.)*

93.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

94.     Defendants do not compensate Putative Class and Collective members with appropriate overtime, including time and a half and double time, as required by California law for the off-the-clock work described above.

95.     Labor Code § 510 provides as follows:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

96.     The IWC Wage Order 7-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate

of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

97.     Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

98.     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

99.     Defendants regularly require Plaintiff and Putative Class and Collective members to work in excess of eight hours per day and/or forty hours per week but does not compensate them at an overtime rate for all of this work.

100.     Plaintiff and Putative Class and Collective members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

101.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Putative Class and Collective members for all premium wages for overtime work, including the off-the-clock work described herein. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Putative Class and Collective members in amounts to be determined according to proof at time of trial.

102.     Defendants are liable to Plaintiff and the Putative Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

103.     Wherefore, Plaintiff and the Putative Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
*(On Behalf of the Putative Class against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.)*

104.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

105.    Defendants do not provide Plaintiff and Putative Class and Collective members with accurate itemized wage statements as required by California law.

106.    Labor Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

107.    IWC Wage Order 7-2001(7) establishes similar wage statement requirements.

108.    Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

109.    Plaintiff seeks to recover damages, costs and attorneys' fees under this section.

110.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff and Putative Class and Collective members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide its employees, including Plaintiff and Putative Class and Collective members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

111.    Defendants are liable to Plaintiff and the Putative Class alleged herein for the amounts described above in addition to civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

112.    Wherefore, Plaintiff and the Putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
*(On Behalf of the Putative Class against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.)*

113.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.    Defendants do not provide Putative Class and Collective members with their wages when due under California law after their employment with Defendants end.

115.    Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

116.    Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the

employee is entitled to his or her wages at the time of quitting.

117.    Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate

until paid or until an action therefor is commenced; but the wages shall
not continue for more than 30 days.

118.    Some of the Putative Class and Collective members, including Plaintiff, left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

119.    Defendants willfully refused and continue to refuse to pay Putative Class and Collective members all the wages that are due and owing to them, in the form of uncompensated off-the-clock time, upon the end of their employment as a result of Defendants' willful failure to provide Plaintiff and the Putative Class and Collective members with payment for all hours worked.  As a result of Defendant's actions, Plaintiff and Putative Class and Collective members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

120.    Defendants' willful failure to pay Plaintiff and Putative Class and Collective members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. Defendants are therefore liable to Plaintiff and the Putative Class and Collective alleged herein for civil penalties pursuant to Labor Code § 203.

121.    Wherefore, Plaintiff and the Putative Class and Collective request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200 *et seq.*
(*On Behalf of the Putative Class against Defendants Manpower U.S., Inc. and Kuehne + Nagel, Inc.*)

122.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

123.    California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

124.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Crossley v. Manpower U.S., Inc., et al.*

125.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

126.    Beginning on a date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.    violations of Labor Code § 1194 and IWC Wage Order 7-2001 pertaining to payment of wages;

b.    violations of Labor Code § 203 pertaining to failure to pay all wages owed upon separation of employment;

c.    violations of Labor Code § 510 pertaining to failure to pay overtime wages; and

d.    violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

127.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

128.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Putative Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

129.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice

which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

130.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Putative Class and Collective members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

131.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Putative Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and Putative Class and Collective members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

132.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

133.    Wherefore, Plaintiff and the Putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Putative Class and Collective members, requests the following relief:

1.    For an order certifying the Causes of Action in this Complaint as a class action pursuant to Federal Rule of Civil Procedure 23;

2.      Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and other laws of the State of California;

3.      For a declaratory judgment that Defendants violated the FLSA, the California Labor Code, California law, the applicable IWC Wage Order and public policy as alleged herein;

4.      For a declaratory judgment that Defendants violated the UCL, California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

5.      For an order awarding Plaintiff and the Putative Class and Collective members compensatory damages, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Putative Class and Collective members, together with interest on these amounts according to proof;

6.      For an order awarding Plaintiff and Putative Class and Collective members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

7.      For an order awarding reasonable attorneys' fees as provided by the FLSA, the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

8.      For all costs of suit;

9.      For interest as provided by applicable law; and

10.     For such other and further relief as this Court deems just and proper.

1

2    Date: July 16, 2021

3

4    Respectfully submitted,

     _____
5    Carolyn H. Cottrell
     Caroline N. Cohen
6    Heather G. Fuchs
     SCHNEIDER WALLACE
7    COTTRELL KONECKY LLP

8    *Attorneys for Plaintiff and Putative Class and
     Collective Members*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Crossley v. Manpower U.S., Inc., et al.*

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

        Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3

a jury.

4

                                Respectfully submitted,

5

Date: July 16, 2021

6

                                _____

7

                                Carolyn H. Cottrell

                                Caroline N. Cohen

8                               Heather G. Fuchs

                                SCHNEIDER WALLACE

9                               COTTRELL KONECKY LLP

10

11                              *Attorneys for Plaintiff and Putative Class and*
                                *Collective Members*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Crossley v. Manpower U.S., Inc., et al.*